(No. 18206.—Reversed and remanded.)
THE BARTONVILLE BUS LINE, Appellant, *vs.* THE EAGLE
MOTOR COACH LINE, Appellee.

*Opinion filed June 22, 1927.*

1. PUBLIC UTILITIES—*certificate will be granted bus line offering best service to public.* While it is the policy of the State, in the regulation of public utilities, to compel an existing utility to provide adequate service and at the same time protect it from ruinous competition, priority in the field will not, of itself, govern the granting of a certificate of convenience and necessity, and a motor bus line will be granted a certificate in preference over the application of an existing line where the line of the new company will be more direct and will best serve the public interests.

2. SAME—*when certificate to new bus line should exclude local traffic already furnished.* A certificate of convenience and necessity to a motor bus line offering to establish a direct and through route between certain points should except from the grant the right to pick up local traffic in that portion of the route which is already adequately served by existing utilities.

3. SAME—*what element may be considered by commission.* In determining whether a certificate of convenience and necessity to operate a motor bus line between certain cities shall be granted, the Commerce Commission may consider the fact that the applicant offers to furnish through service without transfer, while the existing bus line between such cities requires a transfer without adequate facilities being provided therefor.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

BARNETT, WILSON & TICHENOR, and ROBERT SCHOLES, for appellant.

VICTOR P. MICHEL, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal by the Bartonville Bus Line, a corporation, from a judgment of the circuit court of Peoria county affirming an order of the Illinois Commerce Com-

mission granting a certificate of convenience and necessity to appellee, the Eagle Motor Coach Line, a corporation, to operate motor busses for the transportation of passengers and baggage, for hire, over and along State bond issue route No. 9 between the city of Peoria and the city of Canton, *via* the towns of Bartonville, Hollis, Mapleton, Kingston Mines, Banner and Monterey. Theretofore, on January 27, 1925, a certificate of convenience and necessity had been issued by the Commerce Commission to appellant to operate motor busses for the transportation of passengers from Peoria to Pekin by way of Adams street, in the city of Peoria, to the village of Bartonville, in a southerly direction, connecting with State bond issue routes 9 and 24, through the villages of South Bartonville, Sucrene, Straesser, Sholl, Tuscarora and Hollis to Orchard Mines, thence to Pekin. The original application of appellee in the proceedings appealed from, filed November 25, 1924, was to operate a motor carrier for the transportation of persons and parcels between Peoria, Bartonville, Hollis, Mapleton, Kingston Mines, Banner, Monterey, Canton, and other towns between there and Rushville. Appellee dismissed its petition as to the extension from Canton to Rushville. On June 4, 1925, appellant filed its application for a certificate of convenience and necessity to operate a motor carrier for the transportation of passengers between Pekin, Orchard Mines, Mapleton, Kingston Mines, Banner and Canton. It will be observed that the two certificates covered a portion of the same territory,—*i. e.*, from Peoria to Hollis, through Bartonville. From Hollis appellant's route extends in a southeasterly direction about three miles across the Illinois river to Pekin, while appellee's route extends in a southwesterly direction, north of the Illinois river, to Canton, a distance of about twenty-two miles. Hollis is about nine miles from Peoria. Appellant's schedule between Peoria and Pekin calls for twenty-four trips each way, daily. It is equipped with eleven busses and has a garage at Barton-

ville. The traffic between Peoria and Pekin is a heavy local traffic, which the evidence shows is amply served by appellant. The evidence does not show that this traffic would sustain two competing lines. The traffic originating at Canton, and places between Canton and Hollis, is largely a through traffic to Peoria. In the city of Peoria appellee's route parallels a street car system of the Illinois Power and Light Company to the city limits.

It is the policy in this State, established by legislation for the regulation of all public utilities, to provide the public with efficient service at a reasonable rate by compelling an established public utility occupying a given field to provide adequate service and at the same time protect it from ruinous competition, (*Illinois Power and Light Corp. v. Commerce Com.* 320 Ill. 427,) and where additional or extended service is required in the interest of the public and a utility in the field makes known its willingness and ability to furnish the required service the Commerce Commission is not justified in granting a certificate of convenience and necessity to a competing utility until the utility in the field has had an opportunity to demonstrate its ability to give the required service, (*Egyptian Transportation System v. Louisville and Nashville Railroad Co.* 321 Ill. 580,) and where the evidence shows that an existing motor bus line has been rendering satisfactory service and is financially able to extend its lines so as to reach a more distant point on the same route, it has been held that it was unreasonable and arbitrary for the Commerce Commission to deny an application for such extension and grant a certificate of convenience and necessity to another line just organized to operate over the entire route, where it was conceded by all parties that there was not sufficient traffic over the route to justify the operation of two motor bus lines. (*Superior Motor Bus Co. v. Community Motor Bus Co.* 320 Ill. 175.) The object and purpose of granting certificates of convenience and necessity for the operation of motor bus lines is

to subserve the convenience and necessities of the traveling public. While priority in the field is an element to be considered, it will not of itself govern the granting of the certificate. (*Chicago Motor Bus Co.* v. *Chicago Stage Co.* 287 Ill. 320.) The proper consideration in a matter of this kind is which applicant, under the facts and circumstances shown by the evidence, will best serve the public interests.

The evidence in this case shows that for the convenience and necessities of the traveling public between Peoria and Canton there should be through motor bus service, without transfer. Appellee proposed to furnish this service. Appellant, in its petition for a certificate of necessity for service from Pekin to Canton, and in its petition filed for rehearing, proposed to furnish a service between Pekin and Canton. It did not propose to furnish a through service between Peoria and Canton without transfer but proposed to furnish such service by transferring its passengers at Orchard Mines, a place of about one hundred inhabitants and without any adequate facilities for the necessities and convenience of the passengers while awaiting transfer from the one line of appellant's busses to the other. Under these circumstances the Commerce Commission was fully warranted in granting a certificate of convenience and necessity to appellee. It would not have been justified, however, under the evidence, in granting a certificate of convenience and necessity to appellee to do a local business between Hollis and Peoria and within the city of Peoria. It is evident from the record that the commission did not intend its certificate to cover such traffic, nor did appellee seek to have it do so, as its attorney before the commission stated that they desired the commission to have in the record that no passengers should be taken in Peoria to be discharged in the city of Peoria, nor passengers to be taken in Peoria to be discharged in Bartonville and Hollis, or intermediate points between Hollis and the city of Peoria.

The order of the Commerce Commission granting the certificate provided that appellee "shall not pick up or discharge local passengers in the territory now served by objector, Illinois Power and Light Corporation," which territory ended at the city limits of Peoria. The certificate as granted might be construed as giving to appellee the right of local traffic between the Peoria city limits and Hollis by reason of the expression of this one exception. The order of the commission should have been in conformity with the statement of appellee's attorney before the commission.

Solely by reason of this formal defect in the order for a certificate of convenience and necessity the judgment of the circuit court is reversed and the cause remanded to the Commerce Commission for further proceedings in conformity to the views herein expressed.

*Reversed and remanded.*