## OKLAHOMA UNION RAILWAY CO. et al. v. STATE et al.

No. 19136. Opinion Filed Nov. 25, 1930.

E. T. Miller, Cruce & Franklin, and Grant & Grant, for appellants.

Everest, Vaught & Brewer and E. S. Ratliff, for appellees.

RILEY, J. On June 10, 1927, the appellee, Yellow Cab Transit Company, a corporation, applied to the Corporation Commission of the state of Oklahoma for a certificate of public convenience and necessity to authorize it to operate a through motor bus system for transportation of passengers between Oklahoma City and Tulsa, by way of Edmond, Arcadia, Luther, Wellston, Warwick, Chandler, Davenport, Stroud, Depew, Bristow, Herburn, Kellyville, and Sapulpa. At the time of this application and for 15 months prior thereto the appellee, Yellow Cab Transit Company, had been lawfully operating a motor bus service for passengers between Oklahoma City and Sapulpa upon a route including the cities and towns above mentioned, so that in fact the application was simply one to allow the transportation company to carry its passengers on into the city of Tulsa, and to transport passengers from that city so as to avoid the transfer of such passengers at Sapulpa.

The appellee, as petitioner for the certificate of convenience and necessity, agreed to what is known as a "dead haul" between Sapulpa and Tulsa. By that term it was meant that the applicant would not be permitted to pick up local passengers between Sapulpa and Tulsa.

On August 16, 1927, after a hearing, the Commission granted, by its order, the certificate as sought, and appellee, Yellow Cab Transit Company, so extended its transportation line from Oklahoma City to Tulsa.

The Oklahoma Union Railway Company operates hourly interurban service between Sapulpa and Tulsa. The Union Transportation Company operates a bus line between said cities, and the St. Louis-San Francisco Railway Company operates its train service consisting of from six to seven daily passenger trains between Sapulpa and Tulsa, and from four to five trains between Sapulpa and Oklahoma City. These competing transportation companies constitute the appellants. They say in their brief that all of their assignments of error are leveled at the sufficiency of the evidence supporting the finding of convenience and necessity as prayed for and granted appellee.

The order of the Commission is prima facie just, reasonable, and correct, and where the evidence supports such order, this court will not disturb it. Section 22, art. 9, Constitution; A., T. & S. F. Ry. Co. v. State, 23 Okla. 210, 100 Pac. 11; C., R. I. & P. Ry. Co. v. State, 24 Okla. 370, 103 Pac. 617; C., R. I. & P. Ry. Co. v. State, 123 Okla. 31, 251 Pac. 1044.

The authority by which the Commission acted is contained in the Motor Vehicle Act, chapter 113, p. 188, S. L. 1923. See, also, Ex parte Tindall, 102 Okla. 192, 229 Pac. 125, wherein the act was sustained.

Decisions concerning a finding of convenience and necessity as a prerequisite to service by a public utility are found in C., R. I. & P. Ry. Co. v. State, 123 Okla. 190, 252 Pac. 849, and C., R. I. & P. Ry. Co. v. State, 216 Okla. 48, 258 Pac. 874.

In the last above cited case, it was held:

"Where the existence of public convenience and necessity is a prerequisite to the authorization of a motor carrier to furnish services as required by section 4, ch. 113, S. L. of Oklahoma 1923, the word 'necessity' means a public need, without which the public is inconvenienced to the extent of being handicapped in the pursuit of business or wholesome pleasure, or both—without which the people generally of the community are denied, to their detriment, that which is enjoyed by other people generally, similarly situated."

The appellants, contending that the evidence was insufficient to warrant a finding of necessity, point out that their facilities were adequate without the addition of the service as sought to be extended by appellee; but, as stated in Petersburgh, H. & C. P. Ry. Co. v. Commonwealth (Va.) 146 S. E. 292:

"The ability to carry in some manner all who apply for passage is not necessarily the touchstone. It was pointed out in the International Bus Corporation Case that it is sufficient if there is public demand for bus service in preference to other means of transportation. It was already easily possible to carry from Buffalo to Niagara Falls all who wished to go, and the controlling consideration was public preference for bus service. When people generally wish to travel in this way, they should be permitted to do so, and it is no sufficient answer to say that other carriers, in other ways, stand ready to give the necessary service."

And it was therein further said:

"Convenience and necessity, as those words are used in the statute, carry with them a certain elasticity of meaning, which, in other circumstances, does not always attach. Silk is a necessary article of wearing apparel, although with cotton, linen, and wool we can be tastefully and comfortably clothed.

"We have to concede that, in industrial development, the law of the survival of the fittest is not to be gainsaid. Stage coaches and canals were in many instances a total loss, made so by railroads, which, in their turn, clashed with interurban electric lines, and now both are facing the automobile in its varied forms. Booth's Case, 10 Va. Law Reg. (N. S.) 24. Should the time come when airplanes are preferred by a substantial part of the public, this preference, in its turn, will have to be heeded. They, too, will have then become a necessary public convenience not to be put aside because busses can carry all who wish to go."

As stated in Bartonville Bus Line v. Eagle Motor Coach Line (Ill.) 157 N. E. 175:

"The object and purpose of granting certificates of convenience and necessity for the operation of motor bus lines is to subserve the convenience and necessities of the traveling public."

The Commission evidently took the view from the evidence contained in the record that the traveling public desired this extension of bus service from Sapulpa to Tulsa, and that there was a need for it supported by the demand as expressed by witnesses, and that upon the whole the same was desirable on account of the otherwise required transfer at Sapulpa as applied to through passengers. That transfer was unsatisfactory, annoying, and inconvenient.

From our review of the evidence it is our judgment that the order of the Corporation Commission should not be disturbed by this court, consequently the order is sustained.

MASON, C. J., LESTER, V. C. J., and

HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent, not participating.