By the Court
 

 (Allen, J.).
 

 This case arises as an error proceeding to an order of the Public Utilities Commission, which granted to the Eastern Ohio Transport Corporation an extension of its certificate of pub-
 
 *210
 
 lie convenience and necessity No. 99, from Barnesville, Ohio, to Cambridge, Ohio, through Bailey’s Mills, Quaker City, Salesville, Lore City and Kipling. The main objection of the plaintiff in error, which is a motor transportation company, to the extension in. question is that the Public Utilities Commission in extending certificate No. 99 should have imposed a restriction as to through passengers from Barnesville to Cambridge, and
 
 vice versa.
 

 It is not necessary to describe in detail the entire motorbus operation of the plaintiff in error. For the purposes of this case, we are concerned with the fact that the plaintiff in error conducts a motor transportation service under certificate No. 2 from Bridgeport, in Belmont county, to Cambridge, in Guernsey county, over and across United States highway No. 40, commonly known as the National Pike, which route also connects with Barnesville, running south to Barnes-ville some five miles from the National Pike at a point near Hendrysburg. The extension of certificate No. 99, which is attacked in this proceeding, was restricted as to the taking of passengers from Lore City to Cambridge, and
 
 vice versa,
 
 because of another operation already
 
 existing
 
 between those points, and plaintiff in error claims that a similar restriction should be established between Cambridge and Barnesville, and
 
 vice versa.
 

 Plaintiff in error cites in this connection Section 614-87, General Code, with reference to the granting of certificates in territory already served by motor transportation companies. This section does not apply, however, to this controversy, for the territory between Barnesville and Lore City, along the extension granted, is not served by any motor transportation company whatever. The distance from Lore City to Barnesville is some nineteen miles. The territory also is so far south of the National Pike as to draw mainly from a community different from that served
 
 *211
 
 by the operation along the National Pike. There is now no other service from Barnesville direct to Cambridge, and persons wishing to employ motorbus service to make that particular trip are compelled to take the bus at Barnesville, drive north some five miles to the National Pike, and there change busses, and proceed upon the journey by a route which is three miles longer and inevitably consumes much more time than the one now granted.
 

 We deem it unnecessary to discuss the record at length, but find that the facts adduced do not show that the Public Utilities Commission acted unreasonably or unlawfully in failing to impose the restriction prayed for. The order will therefore be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.