UNION BUS COMPANY and SOUTHEASTERN MANAGEMENT COMPANY v. W. B. DOUGLASS, as Chairman and E. S. MATHEWS and JERRY W. CARTER, as Railroad Commissioners of the State of Florida, and H. J. REDD.

166 So. 582.
En Banc.
Opinion Filed March 19, 1936.
Rehearing Denied March 23, 1936.

*Waller & Pepper* and *B. A. Meginniss,* for Petitioner.
*T. T. Turnbull,* for Railroad Commissioners.
*Stanton Walker,* for H. J. Redd.

DAVIS, J.—The Florida Railroad Commission granted to the respondent, H. J. Redd, a certificate of Public Convenience and Necessity permitting him to operate as a common carrier of passengers and light express by motor vehicle between Perry, Florida, and Jacksonville, Florida, serving Mayo, Branford, Fort White, Ellaville, Lake Butler, Raiford, States Prison Farm, Macclenny and thence into Jacksonville from Macclenny over State Highway No. 1, the last phase of the operation between Jacksonville and Macclenny being required to be carried out with closed doors, and subject to the further condition that no passengers or light express shall be picked up at Macclenny to be discharged at Jacksonville or intermediate points, nor passengers or light express picked up at intermediate points to be discharged at Jacksonville or points intermediate Macclenny and Jacksonville, or any local service whatsoever conducted between Jacksonville and Macclenny and intermediate points. One Commissioner dissented from the order on the ground that the application should have been denied as to that portion of the proposed route lying between Macclenny and Jacksonville, the ground of objection being that insofar as traffic between Macclenny and Jacksonville was concerned, there was already adequate service over State Highway No. 1 between said points.

Petitioners for certiorari to quash the Commission's order assert that it is violative of Section 3 of Chapter 14764, Acts 1931, in that it was demonstrated by the evi-

dence beyond dispute that said petitioners were already adequately serving the needs of public convenience and necessity for motor transportation between Macclenny and Jacksonville and that if not they were willing to provide other and additional service and facilities in order to meet the public need. Tamiami Trails Tours, Inc., v. Railroad Commission, 120 Fla. 371; 163 Sou. Rep. 1; Central Truck Lines v. Railroad Commission, 118 Fla. 555, 160 Sou. Rep. 26.

The Railroad Commission having found as a fact that the public convenience and necessity required the granting to Redd of a certificate authorizing him to provide service in the form of motor transportation confined solely to passengers and light express to and between communities not enjoying adequate motor transportation, which finding as to such communities is not here brought into controversy, the proposition to be decided in this case is whether or not the fact that a short portion of the authorized route, to-wit: that lying between Macclenny and Jacksonville, coincides with the route of existing transportation companies already serving such portions with adequate service, renders the Railroad Commission's order contrary to the essential requirements of law, it appearing that the Railroad Commission, in order to avoid unnecessary competition and to protect the rights of the existing companies in their service between Macclenny and Jacksonville, has definitely restricted its grant of its new certificate of public convenience and necessity so as to exclude the competition that would otherwise be experienced on that part of the new service route where it coincides with that of existing service already in the field and adequately meeting the public's requirements.

A certificate of public convenience and necessity may properly be granted to operate a new service shown to be

required to meet the public need, even though such new service is over a route already being adequately served by the holder of an earlier certificate, where it appears that such new service has been so restricted by the limitations imposed upon it by the Commission that the subsequent applicant will be precluded from rendering a competing service already covered by the certificate of the prior holder, and where the public convenience and necessity requires that the route of the new service be in part over common route already served by an earlier licensee in order to make it adequate to meet the needs of communities proposed to be accommodated by the new service. Lykins v. Ohio Public Utilities Commission, 116 Ohio 740; 158 N. E. 171, P. U. R. 1926-A 396; Bartonville Bus Line v. Eagle Motor Coach Line, 326 Ill. 200, 157 N. E. 175; P. U. R. 1927-E 333.

Chapter 14764, Acts 1931, expressly permits the Florida Railroad Commission to issue certificates of public convenience and necessity with modifications and upon such terms and conditions as in its judgment public convenience and necessity may require. We think that the Commission properly exercised its permissible judgment in entering the order now attacked by certiorari proceeding filed in this Court, therefore the application for certiorari is denied.

Certiorari denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.