**MISSOURI, KANSAS & OKLAHOMA COACH LINES, Inc., v. STATE et al.**

No. 27303.    June 7, 1938.

Rehearing Denied July 26, 1938.

Short & Pierson and Armstrong & Murphy, for plaintiff in error.

J. K. Wright, A. F. McGarr, Mac. Q. Wil-

liamson, Atty. Gen., and J. B. A. Robertson, Attorney for Corporation Commission, for defendants in error.

HURST, J. Application was filed with the Corporation Commission by the Southwest Greyhound Lines Company for removal of a restriction in its certificate. of convenience and necessity No. 818. Protests were filed by the Northeast Oklahoma Railway Company, the Missouri, Kansas & Oklahoma Coach Lines, Inc., and the Southern Kansas Stage Lines Company. After a hearing, the commission granted the application, from which the protestant, Missouri, Kansas & Oklahoma Coach Lines, Inc., alone appeals. Hereafter, we will refer to appellee as the Greyhound, and the appellant as the M., K. & O.

The M., K. & O. is an intrastate and interstate carrier, operating between St. Louis, Mo., and Oklahoma City, Okla. It serves the traffic between Tulsa, Claremore, Chelsea, Vinita, Afton, Miami, and Commerce and intermediate points. It does not serve Picher, but the Northeast Oklahoma Ry. Company furnishes interurban service between Picher and Miami, where the M., K. & O. is. available to Tulsa and intermediate points. The Greyhound line operates. over the same route, being engaged in interstate service from St. Louis, Mo., to El Paso, Tex., and having approximately 25 per cent. vacancies in its busses between Tulsa and Picher. It was authorized, under its intrastate certificate No. 818, to operate between Texola and Picher, Okla., over U. S. Highday No. 66, restricted, however, between Tulsa and Picher, and intermediate points. This restriction was removed by the Corporation Commission so as now to permit carriage between Tulsa and Picher, touching intermediate points, but restricted so as to prevent the transportation of passengers between Miami and Picher and intermediate points.

The M., K. & O. seeks a reversal of this order on two grounds.

(1) The first of these is that the evidence does not show the existence of public convenience and necessity, as required by section 3705, O. S. 1931 (47 Okla. St. Ann. sec. 166). This section, in substance, forbids class "A" carriers from furnishing service without first obtaining a certificate of convenience and necessity from the Corporation Commission. It also confers power on the commission to amend any such certificate after a hearing and for good cause.

This statute was construed in the case of Chicago, R. I. & P. Ry. Co. v. State (1927) 126 Okla. 48, 258 P. 874, wherein it was held:

"Where. the existence of public convenience and necessity is a prerequisite to the authorization of a motor carrier to furnish services as. required by section 4, c. 113, Session Laws of Oklahoma, 1923, the word 'necessity' means a public need, without which the public is inconvenienced to the extent of being handicapped in the pursuit of business or wholesome pleasure, or both—without which the people generally of the community are denied, to their detriment, that which is enjoyed by other people generally, similarly situated."

To the same effect, see Oklahoma Union Ry Co. v. State (1930) 146 Okla. 92, 293 P. 537.

It is also well settled in this jurisdiction that on an appeal from an order of the commission issuing a certificate of public convenience and necessity to operate a motorbus over the public highway, if there is any evidence reasonably tending to support the order of the commission, the prima facie presumption of the order being reasonable, just, and correct obtains by reason of section 22, art. 9, of the Constitution, and the burden is upon appellant to overcome that presumption. See Chicago, R. I. & P. Ry. Co. v. State, supra, and cases cited therein.

The evidence in this case discloses that the traveling public between Tulsa, Miami, and Picher were limited in their transportation facilities under the schedule of the M., K. & O. For example, the testimony showed that citizens living in communities between Miami and Tulsa were unable to obtain bus transportation to either Miami or Tulsa in order to arrive at their destination by 9:00 o'clock a. m., unless they caught a bus at an unreasonably early hour. This constituted an inconvenience to the extent of handicapping business and, as such, came within the purview of "necessity" as that term is used in section 3705, supra, and as defined by this court. Again, a passenger from Picher desiring to go to Tulsa, or a passenger desiring to go from Tulsa to Picher, would be unable to procure through carriage either way. The person leaving Picher for Tulsa was required to take the interurban or be driven by auto to Miami, and to board an M., K. & O. bus from there. The Tulsan going to Picher would have to make a change at Miami and take the interurban or be driven by auto to Picher. Loss of time and great inconvenience was a natural result. As stated in Oklahoma Union Ry. Co. v. State, supra, where a like condition existed between Sapulpa and Tulsa, "that transfer was unsatisfactory, annoying and inconvenient." This condition

was eliminated by the present order of the commission, for by it the Greyhound would be permitted to carry passengers from Tulsa to Picher and vice versa, without the necessity of transferring to the interurban at Miami.

Furthermore, the present order of the commission established a condition whereby an alternating schedule by the Greyhound and the M., K. & O. is brought about in this territory. This schedule, as disclosed by the evidence, is as follows:

Leaving Tulsa for Miami, and beyond—
5:00 a. m., Greyhound
7:25 a. m., M., K. & O.
9:00 a. m., Greyhound
12:25 p. m., M., K. & O.
4:30 p. m., M., K. & O.
5:30 p. m., Greyhound
8:00 p. m., M., K. & O.
11:51 p. m., M., K. & O.
11:55 p. m., Greyhound

Leaving Miami for Tulsa—
1:32 a. m., M., K. & O.
3:01 a. m., Greyhound
7:00 a. m., M., K. & O.
8:40 a. m., Greyhound
10:57 a. m., M., K. & O.
5:10 p. m., M., K. & O.
5:29 p. m., Greyhound
9:17 p. m., M., K. & O.
10:49 p. m., Greyhound

An examination of the schedule of the M., K. & O. discloses that as much as from four to six hours elapse between the leaving time of the busses from the cities involved. We cannot say, in view of the testimony adduced as to the inadequacy of this service, and in view of the population of the area, that there is not evidence reasonably tending to support the commission's finding of convenience and necessity as a prerequisite to permitting the Greyhound to serve this area.

In denying protestant's first contention, we desire to call attention to the pertinent statement of this court in the case of Chicago, R. I. & P. Ry. Co. v. State, supra, wherein it was said:

"To set aside an order of the Corporation Commission as being unjust, unreasonable, or arbitrary, it is not sufficient for this court to think the order unwise. It is within the province of the Corporation Commission to pass upon the wisdom of the proposed undertaking by a public utility. That commission is presumed to be peculiarly experienced and fitted for that purpose, and, having seen and heard the witnesses, and being in possession of data and information not obtainable by this court, it would be unwise to give the orders of the commission any less recognition. To do otherwise would place the ultimate decision in every case with this court, and substitute the findings of this court for that of the Corporation Commission."

(2) Protestant's second contention is that the order of the commission is invalid and illegal because, if a public convenience and necessity does not exist for additional transportation facilities, the commission is compelled to give the existing carrier, the Missouri, Kansas & Oklahoma Coach Lines, Inc., an opportunity to furnish such additional service as may be required.

Decisions of the Supreme Court of Illinois are principally relied upon to support this contention. Suffice it to say that, regardless of the rule announced in other states, the statutes of Oklahoma, conferring jurisdiction on the commission to grant certificates of convenience and necessity and to amend existing certificates of convenience and necessity by removing restrictions, do not make it the mandatory duty of the commission to give the existing carrier an opportunity to furnish such additional service as may be required before issuing or amending a certificate of convenience and necessity permitting another carrier to serve the same territory. While we believe that the commission, in the exercise of its sound discretion, may, in a proper case, afford such an opportunity, it is not required to do so in every case. Its judgment must be governed by the facts of each case. Section 3705, supra, plainly authorizes and makes it the duty of the commission, after a public hearing, to issue, refuse to issue, or to issue for partial exercise, a certificate of convenience and necessity, and to attach to the exercise of the rights granted by such certificate such terms and conditions as in its judgment the public convenience and necessity may require. It also authorizes the commission to amend any such certificate after a hearing and for good cause. But nowhere in said statute or in any other statute conferring regulatory power on the commission over this subject matter is there any requirement that before a certificate to another carrier is issued or amended permitting service of the same territory, the existing carrier must be given an opportunity to furnish such additional service as may be required. We are unwilling to impose a condition not prescribed by the Legislature, which body has the power and authority to regulate this subject matter. Nor can we say that the action of the commission is unreasonable or arbitrary in refusing to permit the M., K. & O. to increase its facil-

ities and to place the expense thereof on the traveling public, when, as here, no additional expense would be entailed by permitting the Greyhound to serve this area, since the latter carrier already operates over this same route with vacancies in its busses.

The order is affirmed.

RILEY, PHELPS, CORN, and GIBSON, JJ., concur.