By the Court.
 

 This is an appeal by the Penn-Ohio Coach Lines Company from an order of the Public Utilities Commission granting Week-End, Inc., a cer
 
 *264
 
 tificate of convenience and necessity to operate a passenger motor bus service between the eastern boundary line of the city of Cleveland and the corner of North Case and East Market streets on the outskirts of the city of Akron, passing through the communities of Shaker Heights, Solon, Geauga Lake, Aurora, Kent and Tallmadge.
 

 The protestan!, appellant herein, Penn-Ohio Coach Lines Company, holds a certificate of convenience and necessity permitting the operation of its passenger busses directly between the downtown sections of Cleveland and Akron via Shaker Heights.
 

 Protestant complains that the order challenged is unreasonable and unlawful, being violative of paragraphs 4 and 6 of Section 614-87, General Code, in that proof is lacking that the existing transportation facilities between Akron and Shaker Heights and between Akron and Cleveland are inadequate to serve the public in a reasonable manner, and that the terms “over the route” and “for the territory” as used in the statute preclude the granting of a new certificate in the territory involved.
 

 In its order granting the certificate to Week-End, Inc., the appellee points out that the applicant does not propose to serve the cities of Cleveland and Akron proper, the northern terminus of its route ending at the Cleveland city limits and the southern terminus in East Akron. It is further observed that the testimony discloses that service between Shaker Heights and East Akron is necessary to accommodate the villages of Solon, Geauga Lake and Aurora, which intermediate territory in and of itself would not sustain a bus service, and that there are numerous persons residing in the vicinity of those villages who are in need of transportation facilities.
 

 Furthermore, it is noted that the new route embraces a different region than that covered by the protestan!
 
 *265
 
 under its certificate, and would be of benefit to many persons beyond convenient reach of the protestant’s line of travel; that the protestant would not be unduly affected financially by the granting of the new certificate, and that Week-End, Inc., could operate profitably under the proposed arrangement.
 

 In our opinion, the evidence presented warrants the findings and conclusions of the appellee commission in the respects indicated.
 

 It is always to be borne in- mind that the primary consideration underlying the granting of a certificate of convenience and necessity for the operation of a transportation system is the public need for such .service.
 

 Supporting the order of the commission herein are the cases of
 
 Bennett Bros.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 103, 155 N. E., 795, and
 
 Wheeling, St. Clairsville & Cambridge. Transportation Co.
 
 v.
 
 Public Utilities Commission,
 
 125 Ohio St., 209, 180 N. E., 901.
 

 Finding, therefore, that the order in issue does not ■constitute an unreasonable or unlawful exercise of the ■discretion and power conferred upon the appellee, the same is affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.