BRADLEY, Judge.
This appeal is from an order by the Circuit Court of Montgomery County reversing a decision by the State Insurance Commissioner to revoke Richard D. Overton’s license to sell insurance.
The initial proceedings against Overton commenced when J. C. Snowden, president of American Hospitalization Insurance Service Agency, Inc., and a general agent for Orange State Life Insurance Company and United Fire Insurance Company, filed a complaint with the State Insurance Department alleging that Richard D. Overton, after having been terminated as an agent, had left his employment owing a final agent’s balance of $1,283.93. Snowden claimed that this amount consisted of refunds for overwrite commissions, advances on overwrite commissions and premiums due to be refunded to policyholders. On the basis of these allegations the State Insurance Department brought the following charges against Overton: (1) illegally withholding funds which belonged to the agency with which he had been associated, and (2) filing a false and fraudulent application for an insurance agent’s license.
After notice to Overton, a hearing was held by the Insurance Department on the charges which had been brought against him. During the hearing Overton was represented by counsel and the proceedings were transcribed by a reporter.
Shortly after the hearing Overton was advised that the Insurance Commissioner had determined that Overton had unlawful *1141 ly withheld funds in the amount of $1,283.93 from the American Hospitalization Insurance Service Agency, Inc. The Commissioner also found that Overton had made false statements (which were not intended to be false) in his application for an insurance agent’s license. Based on these findings, the Commissioner revoked Over-ton’s license to act as an insurance agent. Overton thereupon appealed the revocation order to the Circuit Court of Montgomery County.
At the hearing in the circuit court, the trial judge, over the objection of the Insurance Commissioner, allowed Overton to introduce oral testimony and exhibits which had not been presented during the proceedings before the Insurance Commissioner. The rationale of the trial judge in permitting an examination of evidence which was outside the record made at the hearing before the Commissioner was that such evidence was necessary in order to determine if the Insurance Commissioner’s actions in revoking Overton’s license were “arbitrary” or “capricious.”
Based in part on this “extraneous” evidence, the circuit court reversed the Commissioner’s order revoking Overton’s insurance license. From the circuit court’s judgment reinstating the license of Overton to sell insurance in Alabama this appeal followed.
In its brief to this court the Insurance Commissioner urges that the circuit court committed reversible error in permitting evidence which was not contained in the record of the proceedings before his agency. (No brief was filed on behalf of Overton.)
Title 27, Chapter 2, section 32, Code of Alabama 1975 (formerly Title 28A, section 47) accords an insurance agent the right to appeal an order by the State Insurance Commissioner revoking the agent’s license to sell insurance. This appeal must be taken to a circuit court of competent jurisdiction and pursuant to the provisions of section 32(c) the Commissioner must prepare an official record of the proceedings before his agency. This record is then filed with the circuit court in which the agent’s appeal is pending.
In hearing the appeal, the circuit court may not permit any new or additional evidence to be introduced unless this evidence is for the purpose of demonstrating fraud or misconduct'on the part of some person whose duty it is to administer the statutory provisions of the state insurance laws. Section 32(e) further provides that where there is no allegation or evidence of fraud or misconduct only the certified record compiled before the Insurance Commissioner is available as a basis for determining whether the order of the Commissioner should be affirmed, reversed or modified.[1]
In the case at bar no evidence was offered contending that the Insurance Commissioner was guilty of fraud or misconduct. And section 32(e) does not permit the introduction of evidence which is not contained in the record made before the Insurance Commissioner for any other purpose upon an appeal to a circuit court. Instead, the circuit court must make its determination on the validity or invalidity of the Commissioner’s order of revocation solely on the basis of evidence documented by the record produced as a result of the Commissioner’s hearing on the matter.
*1142 Despite this fact, the trial judge apparently felt that the evidence introduced over the Commissioner’s objection (which was independent of the record certified by the Commissioner) was necessary to determine if the Commissioner’s action in revoking Overton’s license was “arbitrary” or “capricious.” Title 27, Chapter 2, section 32(e)(3), Code of Alabama 1975. We conclude that the trial judge erred in admitting such “independent” or “extraneous” evidence.
The provisions of section 32(e) setting out the procedure for review of the Insurance Commissioner’s orders are almost identical to the provisions of Title 37, Chapter 1, section 124, Code of Alabama 1975 (formerly Title 48, section 82), delineating the manner in which an order by the public service commission is to be reviewed. Section 124 provides that:
“ . . . No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record . .' . ”
As the language of section 124 clearly indicates, no new or additional evidence may be presented to the circuit court unless there has been injected into the proceedings a question of fraud or misconduct on the part of some person charged with administering the public service commission laws and regulations and this fraud or misconduct has an effect on the order being appealed. See Carroll v. Alabama Public Service Commission, 281.Ala. 559, 206 So.2d 364 (1968); Avery Freight Lines v. Persons, 250 Ala. 40, 32 So.2d 886 (1947); Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721 (1945); Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394 (1944).
Furthermore, Title 16, Chapter 24, section 10, Code of Alabama 1975 (formerly Title 52, section 360), establishes a limitation on the manner in which the state tenure commission may proceed in its review of the quasi-judicial actions of an administrative board and this limitation is similar to the restraints found in Title 27, Chapter 2, section 32(e) and Title 37, Chapter 1, section 124. Under section 10 of the Teacher’s Tenure Law, a teacher has the right to appeal the cancellation of his contract by a board of education to the state tenure commission. However, the commission can consider only the evidence recorded at the teacher’s hearing before the board. Alabama State Tenure Commission v. Mountain Brook Board of Education, Ala., 343 So.2d 522 (1977).
Thus, it is clear that where there is statutory language limiting the scope of review by a circuit court to the record of evidence taken during an administrative proceeding, the circuit court is not empowered to permit extraneous evidence on a matter before it unless there exists a statutory provision expressly according the court the right to take such action.
Nor may the circuit court, in the absence of some provision which authorizes it, allow evidence outside the record taken during a hearing before an administrative body for the purpose of determining if the administrative body acted in an arbitrary and capricious manner. Indeed, cases which have arisen under both the Teacher’s Tenure Law and statutory provisions dealing with the public service commission have held that an action by an administrative board or commission is “arbitrary” (and thereby subject to reversal) only if the proceedings before the board or commission constitute a denial of procedural due process or the order issued as a result of administrative findings is unsupported by the evidence presented to the board or commission. State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968); Alabama Public Service Commission v. Southern Bell Telephone & Telegraph Co., 253 Ala. 1, 42 So.2d 655 (1949).
Likewise, under section 32(e) a determination on whether the Insurance Commissioner’s order is arbitrary or capricious must be made on the basis of the evidence *1143 set out in the record compiled at the hearing before the Commissioner or his representative. And if the Commissioner’s ultimate decision on the matter before his agency is unsupported by the evidence documented by record taken at the hearing before the Commissioner (or facts surrounding the proceedings out of which the Commissioner’s order arose warrant it), then the circuit court may, upon appeal, reverse the Commissioner’s order on the grounds that it was arbitrary or capricious.
In this particular case the objected to evidence was offered during the proceedings in the circuit court and its purpose was to show that the Commissioner had been arbitrary and capricious in his enforcement of certain provisions of the insurance code. The proper place to have presented such evidence was at the hearing before the Insurance Commissioner. Since Overton did not follow this procedure, the judgment of the circuit court is reversed and the cause remanded for a review of the Insurance Commissioner’s order to be conducted according to the provisions of Title 27, Chapter 2, section 32(e)(l)-(3), Code of Alabama 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.

. Title 27, Chapter 2, section 32(e)(1) — (3), Code of Alabama 1975:
“(e) In hearing the appeal by the circuit court and by the court of civil appeals of Alabama on appeal to it as provided in subsection (g) of this section, the commissioner’s decision or order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the decision or order appealed from, but the court shall otherwise hear the case upon the certified record. The court shall reverse, vacate or modify the commissioner’s decision or order in whole or in part if it finds that:
“(1) The commissioner erred to the prejudice of appellant’s substantial rights in his application of the law; or
“(2) The decision or order was procured by fraud or was based upon a finding of facts contrary to the weight of the evidence; or
“(3) The commissioner’s action was arbitrary or capricious.”