## WHITE *vs.* BLOUNT & SKELTON.

1. In appeal cases from the judgment of a justice of the peace, the rendition of judgment by default on one day against some of the defendants, and on another day against the others who made defence, is a mere irregularity for which the proceedings should not be quashed.

ERROR to the County Court of Tuskaloosa.

This was a proceeding commenced before a justice of the peace, and brought to the County Court by appeal.

It appears that White, having a judgment before a justice of the peace against George M. Hardwicke, executor of Geo. Hardwicke, deceased, sued out a *fi. fa.* thereon, and placed it in the hands of A. W. Spears, a constable of Tuskaloosa county, who failed to return it according to law; whereupon White proceeded before the justice against Spears, and Moses McGuire, Swan H. Skelton, and Robert P. Blount, his sureties on his official bond as constable. The defendants acknowledged service of notice; and on the return day, the justice rendered judgment against Spears the constable, and McGuire, one of the sureties, for the amount of White's *fi. fa.* v. Hardwicke, these defendants not having appeared or defended. Skelton and Blount appeared and showed cause for a continuance as to themselves, and the justice granted them a continuance for eight days, when a trial was had as to them, and judgment rendered against them also. From this judgment Skelton and Blount appealed to the County Court.

In that court, they moved to quash the proceedings before the justice for irregularity in the judgment; which motion was sustained, and the proceedings quashed. A judgment was rendered against White in the court below, for costs. From this judgment a writ of error is prosecuted to this court, and the judgment of the court, quashing the proceedings before the justice, and giving costs against the plaintiff, is here assigned for error.

E. W. PECK, for plaintiff in error.

MOODY, *contra.*

LIGON, J.—The County Court erred in sustaining the motion to quash the proceedings before the justice of the peace, for a mere irregularity in the judgment rendered by him. The act of 1819, Clay's Dig. 315, § 12 declares, that cases of appeal from the judgments of a justice of the peace, shall, in the appellate court, be tried *de novo*, and decided according to the justice and equity of the case, without regard to any defect in the warrant, summons, or other proceedings of the justice of the peace before whom the suit was tried.

JANUARY TERM, 1853. 699.

Minor's Rep. 57; ib. 204; 2 Stew. 480; ib. 400; 2 Por. 48; 5 ib. 513; 6 ib. 121; 1 A. R. 157; 15 ib. 675.

The rendition of the judgment by default against Spears and McGuire on one day, and against Blount and Skelton, who made defence, on another, is a mere irregularity, for which the proceedings should not have been quashed. The court should have retained the case, and tried it on an issue made up under its direction.

Let the judgment be reversed; and as the common law jurisdiction, heretofore existing in the County Courts, has been taken away from them, the cause will be remanded to the Circuit Court of Tuskaloosa county, there to be tried as the statute directs.