# Slaughter *v.* Martin.

*Assumpsit.*

(Decided November 13, 1913. 63 South. 689.)

1. *Justices of the Peace; Appeals; Set-Off After.*—The purely statutory right to plead a set-off, limited to claims subsisting between the parties at the commencement of the action (5858, Code 1907) is not modified by the provisions of section 4720, Code 1907, and on an appeal from a justice court, the defendant cannot set off a claim which accrued to him after judgment for the plaintiff in the justice court, and an appeal to the circuit court.

2. *Same; Equity and Justice.*—As used in section 4720, Code 1907, the words "de novo" mean "anew, over again" without any presumption in favor of the justice's judgment; and the words "equity and justice" mean "according to the form and rules as established by the legislature and declared by the courts."

3. *Payment; Set-Off; Definition.*—The defense of payment is distinguished from that of set-off in that it terminates the plaintiff's right to recover if pleaded, whenever made, whether before or after

suit brought, and unless pleaded, it is waived; a set-off must be based upon a claim existing before the commencement of the suit, and it is optional with defendant whether he plead it or whether he makes it the basis of an independent suit.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by A. D. Slaughter against George Martin. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

JOHN E. MITCHELL, and CARL MCMAHON, for appellant. A debt to be a subject of set off must be a subsisting demand at the time the suit was brought.—*Poul & Co. v. Foy-Hays Const. Co.*, 159 Ala. 453; *Drennen v. Gilmore*, 132 Ala. 246; *St. L. & T. R. P. Co. v. McPeters*, 124 Ala. 451; *Lawton v. Ricketts*, 104 Ala. 430; *Collins v. Green*, 67 Ala. 211; *Johnson v. King*, 20 Ala. 270. The suing out of the writ was the commencement of the action.—*Cox v. Cooper*, 256; *Ex parte Swann*, 79 Ala. 350; *West v. Engle*, 101 Ala. 509. It follows, therefore, that it is not possible to set off on appeal from a justice judgment demands accruing after the rendition of the judgment, and the appeal.

WILLIAM S. ANDERSON, and FRANK S. STONE, for appellee. The statute is very plain that on an appeal from a justice of the peace court the trial is de novo, and according to equity and justice.—Sec. 4720, Code 1907; *Lehman-Durr v. Hudmon Bros.*, 79 Ala. 533; *McConnell v. Worns*, 102 Ala. 587; *L. & N. v. Lancaster*, 121 Ala. 471; *Hagan v. Thompson*, 2 Port. 48. It follows that the defendant was entitled to his plea of set-off as to matters arising after trial in the justice court, but before trial in the circuit court.

THOMAS, J.—The appellant, plaintiff below, instituted this suit in assumpsit against appellee, defendant

below, in the justice of the peace court, which resulted there in a judgment in favor of the former. The latter appealed the case to the circuit court. Between the time of the taking of that appeal, which was in January, 1911, and the time of its trial in the circuit court, which was in November, 1911 (it is claimed by the defendant), the plaintiff converted, or aided in converting to his own use, or that of another, certain personal property of the defendant; and the latter, under a plea of set-off, in the statutory form, filed in the circuit court on the trial there of the appeal mentioned, was allowed to and did prove, as a set-off to plaintiff's action, the damages resulting to him, the defendant, from this conversion of his property by the plaintiff, and recovered of the plaintiff a judgment for $71 as the excess of such damages over the demand of the plaintiff.

One of the questions presented on this appeal, the disposition of which here is such as to render unnecessary the consideration of others is whether or not, on a trial in the circuit court of a case appealed thereto from the justice of the peace court, the defendant can sustain a plea of set-off, filed in the circuit court, by evidence of a claim or demand in his favor against the plaintiff which was nonexistent at the time of the commencement of plaintiff's suit in the justice court, and which arose only after judgment there for the plaintiff, and after the defendant had appealed the case to the circuit court, and while it was still pending and undetermined in the latter court.

The right in a defendant to plead set-off, as well as the right on his part to recover judgment upon such plea when the demand proved as a set-off exceeds that of the plaintiff's claim, is purely of statutory origin—finding no support whatever at the common law.—*Drennen v. Gilmore*, 132 Ala. 246, 31 South. 90, 90 Am. St. Rep.

902. Section 5858 of the Code, which confers the right to plead set-off, at the same time limits such right, so far as regards the time of the accrual of the debt or demand which it allows to be set off, to such debts or demands as were, in the language of the statute, "subsisting between the parties at the commencement of the suit."—*Lawton v. Rickett,* 104 Ala. 430, 16 South. 59; *St. Louis Co. v. McPeters,* 124 Ala. 451, 27 South. 518; *Poull & Co. v. Foy-Hays Co.,* 159 Ala. 453, 48 South. 785.

This suit, as said, was commenced in the justice of the peace court, at the time of which commencement, as seen, the demand, which defendant set off against the plaintiff on the trial of the appeal in the circuit court, was not "subsisting between the parties." Clearly, then, under the statute cited, the defendant was not entitled to the set-off claimed, but his remedy for his damages was by an original suit against the plaintiff, unless that statute (Code, § 5858) is modified in particulars applicable to this case, which defendant insists is true, by some other statute. As accomplishing this modification, so far as concerns cases appealed from the justice to the circuit court, he urges section 4720 of the Code, which, among other things, provides: "Cases brought by appeal or certiorari from judgments of justices of the peace * * * must be tried de novo and according to equity and justice," etc.

There is nothing, in our opinion, either in the terms or in the spirit of this statute, or in any construction given it by either of our courts of final review, that would warrant a conclusion that thereby the Legislature intended to establish, on the trial of a case appealed from a justice court to a circuit or city court, a different rule of set-off from that obtaining in the same case while it was pending for trial in the justice court,

or in a similar case that had been commenced originally in such circuit or city court. The appealed case must be tried, it is quite true, in the words of the statute, "de novo"—that is, anew, over again, and that without any presumptions in favor of the judgment of the justice, which, by the appeal, ipso facto, is set aside and annulled for a new trial to be had—not in the justice court, of course, but in the circuit or city court to which it may be appealed, where the trial is had, so far as regards the issues that can arise between the parties, just as a new trial would be had in the latter court when a previous verdict and judgment in a case originating in that court had been set aside by the court itself on motion for a new trial, or where such judgment had, on appeal, been reversed by a higher court and the case sent back for another trial to the court in which it originated.—*Abraham v. Alford,* 64 Ala. 281; *Littleton v. Clayton,* 77 Ala. 571; *McConnell v. Worns,* 102 Ala. 587, 14 South. 849. Certainly, in neither of the instances named could a plea of set-off, filed on the new trial had, be sustained by proof of a debt or demand in defendant's favor which arose only after the commencement of the suit by the plaintiff.—Code, § 5858.

Section 4720 of the Code cited as said, by defendant— it is also true, as contended by him—declares, not only that the appealed case must be tried "de novo," but also that it must be tried "according to equity and justice." But the law knows and recognizes no "equity and justice" except that which it declares through its duly constituted authorities; and, when the Legislature, acting within the sphere wherein it is supreme, declares, as it did do in section 5858 of the Code, that a set-off, to be available to a defendant, must exist in his favor at the time of the commencement of the plaintiff's suit, the enforcement of this rule by the courts in the course of

the law's administration constitutes "equity and justice," in that particular, until the rule itself is abrogated by the same power that enacted it. Therefore, if this same power that made this rule should declare in another statute, without qualification, that an appealed case must be tried according to "equity and justice," it would mean that it must be tried according to the forms and rules and principles of law as established by the Legislature and declared by the courts, which, however poor they may be in an abstract sense, and however short they may fall of their real aim—perfect equity and justice—are yet the standard by which finite "equity and justice" are to be measured in the particular jurisdiction.

If, on the other hand, the Legislature should declare, with a qualification, as it did do in said section 4720 of the Code—the section urged, as said, upon our consideration by defendant—that the appealed case must be tried "according to equity and justice ," it is then necessary to examine the qualification put by it on the words quoted, in order to ascertain what limitation, if any, is to be placed on this general meaning we have here given those words, "equity and justice." Immediately after these words in the statute, and separated from them by only a comma, are the further words, "without regard to any defect in the summons, or other process, or proceedings before the justice;" hence, the words "according to equity and justice," as thus qualified in this particular statute by the subsequent words just quoted from it, mean according to the established rules and principles of law, as we have explained, except those relating to the form of pleadings and process and procedure, a failure to comply with the technical requirements of which in the justice court is not to defeat the right to try the case, on appeal to the circuit court,

[Slaughter v. Martin.]

"de novo," and according to that "equity and justice" which we have attempted to define. The statute last mentioned largely ignores form in justice courts, but not substance.—*White v. Blount & Skelton,* 22 Ala. 697, and citations under the section mentioned.

We are cited to the case of *Hagen v. Thompson,* 2 Port. 48, wherein it was held that a defendant in a case appealed from a justice court to the circuit court could, in the latter court, sustain a plea of payment there filed by proof of payment made after judgment was rendered against him in the justice court. We cannot see that this decision in any wise conflicts with the conclusion we here reach that a different rule should obtain with respect to a plea of set-off, since the two classes of defenses are different, not only in the origin of the right to assert them, but different in their very nature. Payment is a discharge of the obligation sued upon, and whenever made, whether before or after suit brought, if pleaded, must necessarily have the effect of terminating the plaintiff's right to recover the debt or demand sued on; else the defendant is without remedy; since the fact of payment is purely defensive matter, waived unless pleaded, and affords the defendant no independent right of action against the plaintiff.—*De Sylva v. Henry,* 3 Port. 132. If the payment is proved to have been made before the suit brought, the plaintiff recovers nothing; if made after suit brought, then he recovers costs that have accrued up to the time of the filing of the plea. Other than this there is no difference between the effect of payment made before suit brought and payment made after suit brought.—16 Ency. Pl. & Pr. 221. On the other hand, set-off as a defense comes, as before said, only by virtue of the statute, until which demands now available as such could be enforced only by an original action against the plaintiff; and, as to the demands to

which the statute is applicable, the defendant is still left to his option to assert in either way—either by a plea of set-off if sued by plaintiff, or by an independent suit, as he may choose—but, as to demands existing in his favor to which the statute is not applicable, he has only one remedy, that of an independent action against the plaintiff.—*Wharton v. King,* 69 Ala. 365; *Roach v. Privett,* 90 Ala. 391, 7 South. 808, 24 Am. St. Rep. 819. The statute as seen is not applicable to the demand here claimed as a set-off.

As all the other rulings of the trial court assigned as error here have reference to this plea of set-off, which was the only defense, and which we hold, for reasons stated, was not, and cannot on another trial be, sustained by the proof mentioned, it is not necessary to discuss the other questions raised and argued on this appeal.

The judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.