29 So.2d 232

**BEASLEY et al. v. BEASLEY.**

4 Div. 427.

Supreme Court of Alabama.

Feb. 6, 1947.

Rehearing Denied March 6, 1947.

·J. L. Murphy, Murphy & Cook and Whaley & Whaley, all of Andalusia, for appellants.

C. B. Fuller, of Andalusia, for appellee.

STAKELY, Justice.

On August 20, 1942, Robert Beasley and others (appellants) filed their bill of complaint in equity against Susan Beasley (appellee) to set aside two certain deeds executed by C. O. Beasley, now deceased, to Susan Beasley on September 6, 1935. The complainants are all the children of C. O. Beasley and are by his first marriage. The respondent is the widow of C. O. Beasley and his third wife. It is alleged in the bill that the deeds were procured by fraud or undue influence or that C. O. Beasley at the time of their execution was of unsound mind. The case was heard orally before the court with the result ·that relief was denied and the bill dismissed. Hence this appeal.

The evidence is voluminous and has been considered with great care. No good purpose can be served by setting it out in detail. Caples v. Young, 206 Ala. 282, 89 So. 460. The following will give a general idea of the case. At the time the deeds were executed C. O. Beasley was over eighty years of age and had been married to Susan Beasley since 1931. He died December 15, 1937. One deed conveyed for a recited consideration of $1 and love and affection the place at the intersection of

South Cotton Street and Cawthorn Avenue in Andalusia, Alabama, where C. O. Beasley and Susan Beasley resided and the other deed for the same recited consideration conveyed the property of the grantor immediately adjacent to the home place. These properties constituted all the property of C. O. Beasley and together were worth from $6,000 to $8,000. Susan Beasley was 46 years of age when she married C. O. Beasley. He had no income of any kind except some small uncertain rentals from the adjacent property in the second deed. Susan Beasley at the time of the marriage had saved about $500 which she expended in their home life and in addition thereto she took in sewing, kept a cow and sold milk and butter to help out the family expense. The interests of the children were for the most part centered in their respective homes or lives and none made any contribution to the support of their father except one unmarried daughter. None of the children resided with their father. All the children were of age. There were no children by the second and third marriages.

The mental condition of C. O. Beasley at the time of the execution of the deeds and the alleged fraud or undue influence claimed to have been practiced upon him to procure his execution of the deeds, presented issues of fact. The witnesses testified orally before the court and since we are not willing to say that the findings of the court are palpably wrong, we are unwilling to disturb its decree. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Cornelius v. Walker, ante, p. 154, 27 So.2d 17.

The proof showed that Susan Beasley at the time of the execution of the second deed made a will leaving the property embraced in the second deed—the property adjacent to the home-place—to her husband C. O. Beasley, but in the event her husband predeceased her, the property to go to his children share and share alike. There was no proof of any relationship between the will and the deed except that they were executed at the same time and relate to identical property. We are now asked by counsel in brief to give the will a contractual effect and to preserve the property described therein for complainants, to belong to them on the death of Susan Beasley, free of any change that she may make in the will or any disposition of the property that she may make during her life. We are cited to no authorities nor are we advised as to the basis on which such relief can be granted. Susan Beasley is still living (Mayfield v. Cook et al., 201 Ala. 187, 77 So. 713) and the difficulties pointed out in Vickers v. Pegues et al., 247 Ala. 624, 25 So.2d 720, would have to be considered. See also Wagar v. Marshburn, 241 Ala. 73, 1 So.2d 303; Cowin v. Salmon et al., 244 Ala. 285, 13 So.2d 190; Hughes v. Davis, 244 Ala. 680, 15 So.2d 567. But we make no further comment on the problem because the question is not properly before us.

The basis for the relief now sought is contained in a statement in the answer of Susan Beasley in connection with her execution of the will in substance that it was the will of her husband that the children should have the property subject to her life estate. The answer should be taken as a whole and when this is done, it is not clear that it means to make such an admission. But be that as it may, it is sufficient to point out that there are no allegations in the bill on which the relief can be predicated. An answer cannot "inject equity into a bill which has none on its own allegations." Tait v. American Freehold Land Mortgage Co. of London, Ltd., 132 Ala. 193, 31 So. 623, 625.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.