159 So.2d 833

**FLOYD & BEASLEY TRANSFER CO., Inc.**

v.

**ALABAMA PUBLIC SERVICE COMMISSION et al.**

3 Div. 968, 969.

Supreme Court of Alabama.

July 25, 1963.

Rehearing Denied Jan. 30, 1964.

John W. Cooper, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., Jas. T. Hardin, Asst. Atty. Gen., and Wm. F. Black, Montgomery, for appellee Public Service Commission.

J. Douglas Harris, Montgomery, for appellees Bates, Livingston and Benton.

LIVINGSTON, Chief Justice.

Two appeals were taken by Floyd & Beasley Transfer Company, Inc., from a decree of the Circuit Court of Montgomery County, Alabama, in Equity, affirming an order of the Alabama Public Service Commission transferring Certificate of Public Convenience and Necessity No. 637 from W. H. Jackson, d/b/a Jackson Truck Line, to Charles Bates, Gene Livingston and E. J. Benton, d/b/a B & L Truck Line, and subsequently to Bates and Livingston d/b/a B & L Truck Line. The certificate was originally issued to Jackson, who hauled goods within a certain radius of Notasulga, Alabama. Most of the hauling was done for Tallassee Mills at Tallassee, Alabama.

When application was made for the transfer of the certificate from Jackson to Bates, Livingston and Benton, Floyd & Beasley appeared to oppose the transfer

although they did not style themselves as intervenors. They also appeared to oppose the transfer of the certificate from Bates, Livingston and Benton to Bates and Livingston, and when the Alabama Public Service Commission granted the requests for both transfers, Floyd & Beasley appealed the orders to the Circuit Court of Montgomery County, in Equity. Judge Walter B. Jones consolidated the two cases and remanded them to the Alabama Public Service Commission for certain purposes. The cases were re-examined by the Public Service Commission and the same orders were again made in both cases. Floyd & Beasley again appealed to the Montgomery Circuit Court, in Equity, and that court then affirmed the action of the Public Service Commission. It is from this decree of affirmance that the present appeals were perfected. We have again consolidated them because although there are two records, both arose out of essentially the same facts, and both are from the same decree.

Title 48, Sec. 301(15), Code of 1940, provides that transfers such as those with which we are here concerned may be made by the Commission if the transferee is qualified and if such transfer is consistent with the public interest. Appellant's chief contention is that these transfers did not serve the public interest. With this we cannot agree.

■ There was ample evidence adduced at the hearing to support the orders of the Commission. It appears from the testimony that Jackson's Company was in financial trouble and that Bates, Livingston and Benton wanted the transfer of the certificate so that some of Jackson Truck Line's creditors could be paid. We are of the opinion, as were the Commission and the trial court, that this would serve the public interest. We see no merit in appellant's contention that because all the creditors could not be paid, the public interest would not be served. It would seem to us better to arrange to pay off some creditors than none at all.

■ Appellant argues that the certificate was dormant and therefore should not have been transferred. It is true that it is the policy of the Alabama Public Service Commission not to transfer certificates which are dormant unless good cause is shown for such transfer. While we will not concede that the certificate was dormant, we see no reason to disagree with the Commission's finding that there was good cause shown for the transfer, and the question of dormancy thus becomes moot. The order of the Commission is taken as prima facie just and reasonable, Title 48, Sec. 82, Code of 1940, and the burden is on the party who would upset the order of the Commission. Alabama Public Service Commission v. Atlantic Coast Line R. Co., 253 Ala. 559, 45 So.2d 449. Also, findings of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force. Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. There is, we think, ample evidence to support the Commission's finding of good cause, and in view of the above authorities we are constrained to agree with the Commission. This Court has made it clear in the Rookis case, supra, as well as in the case of Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721, that courts must guard against a substitution of their own judgments of findings of fact for the judgment of the Commissioners. In the instant case, there was substantial legal evidence from which the Commissioners could justly have found good cause for any interruption of service which might have occurred on the part of Jackson and good cause for granting the transfer.

Appellant urges that he was harmed by the refusal of the Commission to compel Jackson to appear and testify. Appellant's attorney apparently wanted to "cross-examine" Jackson to prove the dormancy of the certificate. In light of the finding of

good cause as set out above, however, any testimony as to the dormancy of the certificate would have been pure surplusage. Therefore, if there was error on the part of the Commission in the failure to compel Jackson's appearance (and we are not willing to concede that there was), it was necessarily error without injury.

 On appeal from the decree sustaining the Commission's order of transfer of the certificate from Bates, Livingston and Benton to Bates and Livingston, appellant urges that because the transcript of record contains no certified transcript of testimony before the Alabama Public Service Commission, the decree of the court below and the order of the Commission must be reversed.

Casting aside for the sake of argument the obvious facts that it is the appellant's own duty to see that the transcript of record is properly prepared, and that in the instant case appellant argued the case in the court below without mention of the lack of certified testimony, we cannot agree with appellant that this is grounds for reversal.

In the case of Alabama Public Service Commission v. Avery Freight Lines, 254 Ala. 672, 49 So.2d 170, a case which closely parallels the case at bar, the appellant also sought to have the decision of the trial court reversed for lack of certified testimony. In that case, the circuit court had set aside the order of the Commission. The circuit court, stating that it had before it the certified record of proceedings before the Alabama Public Service Commission, found the finding of the Commission contrary to the substantial weight of the evidence. This Court, in upholding the decree of the circuit court, stated:

" * * * in the absence of the certified transcript of the record of the proceedings of the Commission in which the finding was rested, we are not in a position to find to the contrary and overturn the decree entered by the Circuit Court. Avery Freight Lines v. Persons, 250 Ala. 40, 32 So.

2d 886; Avery Freight Lines v. White et al., 245 Ala. 618, 18 So.2d 394, 154 A. L.R. 732."

We see no significant difference between this case and the one at bar.

In the present case, the trial court in its final decree said:

"These causes * * * being submitted to the Court upon the several records therein, certified as required by law, and upon the entire files in these proceedings and upon argument of counsel; and

"It appearing that the orders of the Alabama Public Service Commission in its Docket Nos. 14771, 14814 and 14899 are based upon findings of fact in accord with the substantial weight of the evidence and that the Commission did not err to the prejudice of the substantial rights of the complainant-appellant in its application of the law, and that same are lawful, just and reasonable orders and that same should be sustained by the Court, NOW THEREFORE, it is

"ORDERED, ADJUDGED AND DECREED

"1. That the orders of the Alabama Public Service Commission in its Docket Nos. 14771, 14814 and 14899 be and the same are hereby sustained and affirmed."

In view of the foregoing, we can only affirm the decree of the trial court. Authorities, supra.

Appellant also urges that the decree of the lower court should be reversed because it does not appear from the record that the application for the transfer from Bates, Livingston and Benton to Bates and Livingston is signed or sworn to. This contention comes too late. No objection of this nature was raised in the court below, or, for aught that appears in the record, at the hearing before the Public Service Commission. It is axiomatic that questions which have not been raised below will not be considered

on appeal. McElhaney v. Singleton, 270 Ala. 162, 117 So.2d 375; Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846; Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239; Beasley v. Beasley, 248 Ala. 690, 29 So.2d 232. Therefore, this issue is not properly before this Court and will not be considered.

The decree of the court below is due to be affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.