BLOODWORTH, Justice.
This is a consolidated appeal by Choctaw County, Cities of Butler and Pennington, and the Choctaw County Farm Bureau from two orders of the Alabama Public Service Commission (Commission) granting Butler Telephone Company (Butler) an increase in its non-recurring charges and an increase in its rates and charges for exchange (local) telephone service. Butler cross-appeals from the order granting an increase in exchange (local) telephone rates.
Butler applied on December 2, 1977, for an increase in non-recurring charges (installation charges, long cord charges, etc.), Commission Docket No. 17477. The Commission suspended operation of the new charges through June 21, 1978, in accordance with § 37-l-81(b) Code 1975. Butler then applied on December 21, 1977, for an increase in exchange (local) telephone service rates, Commission Docket No. 17484. The Commission suspended operation of these rates until July 20, 1978. Appellants Choctaw County, the Cities of Butler and Pennington, and the Choctaw County Farm Bureau intervened in both petitions.
All parties were given notice that both petitions would be heard together, and a hearing on both petitions was held on April 5, 1978. Butler presented its case, and there was some preliminary cross-examination and some testimony presented by the intervenors. The Commission continued the proceedings for further cross-examination by the intervenors.
On June 12, 1978, without any further testimony, the Commission issued an order in Docket No. 17477 approving the $4,234 increase in non-recurring charges. Interve-nors then appealed.
Another hearing was held on July 6,1978, limited to Docket No. 17484. The interve-nors completed presentation of their testimony and cross-examination. On July 20, 1978, the Commission issued an order approving an increase in exchange local service rates of $28,269, substantially less than the $63,348 applied for. Intervenors appealed and Butler cross-appealed.
NON-RECURRING CHARGES
Intervenors argue that they were denied due process in Docket No. 17477 *282 because they had no opportunity to complete their testimony and cross-examination after Butler had presented its evidence. They also contend that the service rates approved in Docket No. 17484 are excessive because the Commission should have adjusted Butler’s expenses to eliminate extravagant and improvident salaries and other items paid to officers and directors of Butler and should have adjusted Butler’s income to reflect additional revenue received by it under a tariff concurrence with South Central Bell.
Butler states in brief that no hearing is required by § 37-1-81 Code 1975 and that the Commission records show that applications for approval of non-recurring charges are seldom set for hearing. Butler also contends that the approved exchange (local) service rates are not sufficient to give an adequate return on equity or rate base.
We conclude that a hearing was required in this instance and that the intervenors were denied their right to a fair hearing.
The Commission has discretion to suspend the operation of a new rate schedule for up to six months in order “to make such investigation as, in its opinion, the public interest requires * * *.” § 37-1 — 81(b) Code 1975. Even if no complaint is made, the Commission may make an investigation, provided that “no order affecting such rates [in effect or proposed] shall be entered by the commission without notice and a hearing.” § 37-1-83 Code 1975.
It is further provided that in any instance where the Commission decides to conduct an investigation, it must fix a time and place for public hearings. § 37-1-85 Code 1975. Moreover, every person or organization affected may by petition intervene and become a party before the Commission. § 37-1-87 Code 1975; Mobile County Gas District v. Mobile Gas Service Corp., 284 Ala. 664, 227 So.2d 565 (1969). Those who intervene have the right to be heard, as do other parties, through themselves or counsel in any hearing or investigation conducted by the Commission. §§ 37-l-86(a), -88 Code 1975.
We conclude that, once the Commission decides to suspend operation of the proposed charges or rates in order to conduct an investigation, the foregoing statutes evidence an intent to provide a full, fair, and public hearing for all parties. Clearly, the right to intervene and be heard, as set forth in these provisions, may not be abridged, in the interregnum, by the issuance of an order approving the increased charges or rates before the intervenors have completed their testimony and cross-examination.
Because the intervenors were not allowed to finish their presentation at the hearing, the order issued in Commission Docket No. 17477 is vacated and this cause is remanded.
EXCHANGE (LOCAL) TELEPHONE SERVICE RATES
Both the intervenors and Butler are dissatisfied with the Commission’s order in Docket No. 17484 approving an increase in exchange (local) telephone service rates. Intervenors argue that the Commission did not take into account certain factors which would increase Butler’s income, causing the percentage return on equity and rate base to be higher than the approved percentage. Butler, on the other hand, contends that the approved rates of return are not high enough.
There is no dispute regarding the amount of the rate base, $1,694,617. Butler requested an increase in exchange (local) telephone service rates totaling $63,348. The approved increase is $28,269. This increase coupled with the $4,234 increase in non-recurring charges yields a rate of return on rate base of 6.09 percent and a rate of return on equity of approximately 12.50 percent, as calculated by the Commission.
The general principles governing our review of an appeal in a rate case are set forth in State v. Alabama Public Service Commission, 293 Ala. 553, 560-61, 307 So.2d 521, 527 (1975):
“The limits and standards of our review on appeal from an order of a circuit court upholding an order of the Alabama *283 Public Service Commission[1] stated as follows in Floyd & Beasley Transfer Co., Inc. v. Alabama Public Service Commission, 276 Ala. 130, 159 So.2d 833:
“ ‘ * * * The order of the Commission is taken as prima facie just and reasonable, Title 48, Sec. 82, Code of 1940, and the burden is on the party who would upset the order of the Commission. Alabama Public Service Commission v. Atlantic Coast Line R. Co., 253 Ala. 559, 45 So.2d 449. Also, findings of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force. Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. * * * This Court has made it clear in the Rookis case, supra, as well as in the case of Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721, that courts must guard against a substitution of their own judgments of findings of fact for the judgment of the Commissioners. 4: * * >
“See also Hiller Truck Lines, Inc. v. Alabama Public Service Commission, 292 Ala. 161, 290 So.2d 649, citing with approval the above statement from Floyd & Beasley v. Alabama Public Service Commission, supra.
“The legislature has committed to the Alabama Public Service Commission matters of vast public interest. Among these powers are the regulation of utilities and their rates, and the regulation of transportation over both railroads and highways. Presumptions are indulged in favor of the orders of the Commission. Alabama Public Service Commission v. Redwing Carriers, Inc., 281 Ala. 111, 199 So.2d 653.”
Intervenors state that the Commission failed to consider exorbitant salaries paid and additional income due from a South Central Bell rate increase. We find that they have not carried their burden in this respect. The questioned items were presented to the Commission through the testimony of several witnesses. From aught that appears in the record, the Commission did consider those items, which the intervenors argue that it did not consider, and as a result granted an increase substantially less than that sought by Butler.
Another point raised by intervenors is that Butler paid dividends of $50,000 in 1976 and $205,000 in 1977 on common stock with a book value of only $30,000. This intervenors say, demonstrates the “plunder” of a small utility company by its shareholders at the expense of the public.
However, the record discloses that there were large retained earnings existing at the time the present shareholders purchased Butler Telephone Company, that no dividends had been paid since the formation of the company to reduce these excessive retained earnings (on which Butler was forced to pay a tax by the Internal Revenue Service), and that these accumulated dividends were reflected in the purchase price paid for the company.
What we have said regarding intervenors’ contentions answers Butler’s arguments as well. In sum, there is substantial evidence in the record to support the Commission’s approval of an increase in exchange (local) telephone service rates, an increase which, incidentally, is less than one half the amount sought by the utility.
Despite our finding that the Commission’s order in Docket No. 17484 is supported by substantial evidence, we vacate that order and remand to the Commission to consider the effect, if any, which the proceedings in Docket No. 17477 will have on the rates of return on rate base and equity. Since the non-recurring charges were included in the total income used to *284 determine the rates of return, any change in the amount of non-recurring charges in Docket No. 17477 will cause a change in the income and rates of return in Docket No. 17484.
The Commission’s orders in Docket No. 17477 and Docket No. 17484 are vacated and these causes remanded for further proceedings in accordance with this opinion.
VACATED AND REMANDED WITH DIRECTIONS.
All the Justices concur.

. The new statute providing for direct appeals from the Commission to the Supreme Court does not change our standards of review. § 37-1-144 1978 Supp. to Code 1975. See also Alabama Gas Corp. v. Wallace, 293 Ala. 594, 308 So.2d 674 (1975).