BEATTY, Justice.
The Alabama Public Service Commission and Vestavia Transit Company appeal from an order of the Circuit Court of Jefferson County which reversed an order of the Alabama Public Service Commission denying B & B Transportation & Limousine Service, Inc. the authority to transport passengers in the business district of Hoover. We reverse the order of the circuit court.
On May 8, 1978, the applicant B & B Transportation & Limousine Service, Inc. (B & B) filed an application with the Alabama Public Service Commission (APSC) seeking authority to transport passengers over regular and irregular routes between Birmingham and Alabaster and returning. In its relevant part the application read:
To institute a new operation as a common carrier by motor vehicle, in intrastate commerce over regular and irregular routes, in the transportation of passengers and their baggage (1) From all points within the city limits of Birmingham, thence south on 1-65 to Hoover Exit 265, thence south through Riverchase to Pelham, via U. S. 31, thence Shelby County Highway 105 South to Shelby County Highway 52 on Lee Street, thence. Highway 31 South to Alabaster.. . .
Notice was given by the APSC to all carriers holding APSC authority that this application would be heard on June 22, 1978. B & B’s attorney wrote a letter to Vestavia Transit Co. (Vestavia), which has authority to operate in Birmingham, Home-wood, Vestavia and Hoover, stating that B & B by the application “does not seek to compete with your company.” Vestavia did not attend the hearing, and following an unopposed hearing, B & B was granted the authority it sought and began operating on that route.
Subsequently B & B discovered that the Hoover exit was mistakenly designated as number 265 in the original application, while it is actually number 252. Conse *122 quently an order was entered by the APSC on October 16,1978 changing the exit number to read “252,” thereby clearly giving B & B the authority to serve the business district of Hoover where Vestavia was already operating. 1-65 skirts the business district of Hoover so that if B & B were allowed to serve and travel over 1-65 through Hoover only, and not to take exit number 252, B & B would not compete with Vestavia.
After learning of the change to number 252 Vestavia filed a motion for rehearing and modification. A hearing was held before an examiner who found that Vestavia did not receive adequate notice that B & B was seeking to use exit number 252 in order to provide service on U. S. Highway 31 in Hoover. No exceptions to the examiner’s report were filed and the APSC adopted that order on April 5, 1979.
Vestavia then requested a de novo hearing on B & B’s corrected application. On May 3,1979 that hearing was held at which time B & B presented evidence primarily concerning their operation under the previous order. The examiner on January 14, 1980 found that B & B had failed to establish that their service in Hoover was required by public convenience and necessity and thus recommended restricting their service so that they could not serve the business district of Hoover. On April 17, 1980 the APSC adopted the examiner’s report and ordered the restriction to become effective on May 5, 1980.
B & B appealed to the Jefferson County Circuit Court which set aside and reversed the order of the APSC. The APSC, and Vestavia as intervenor, appealed. After the appellants and the appellee had filed their briefs, the appellee sought to file a supplemental brief with this Court. The appellants filed a motion to exclude that brief claiming that Rule 28, ARAP, prohibits the filing of the supplemental brief. We shall decide this issue along with the merits.
It is well-established that an order of the APSC is taken as prima facie just and reasonable. Code of 1975, § 37-1-124. Such an order may be set aside by the circuit court or by this Court only if “the commission erred to the prejudice of appellant’s substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence. ... ” Redwing Carriers v. Alabama Public Service Commission, Ala., 356 So.2d 129 (1978) quoting Vann Express, Inc. v. Bee Line Express, Inc., Ala., 347 So.2d 1353 (1977). It is also clear that in reviewing the judgment of the circuit court, setting aside an order of the APSC, this Court accords no presumption of correctness to the decision of the circuit court because the circuit court is in no better position to review the order than the supreme court; thus, the review is treated as though the appeal had come directly to the supreme court. Alabama Public Service Commission v. Redwing Carriers, Inc., Ala., 366 So.2d 1111 (1979); Eagle Motor Lines v. Alabama Public Service Commission, Ala., 343 So.2d 767 (1977).
The primary issue presented on this appeal is whether the Public Service Commission erred in applying the law to the facts found or whether the order of the APSC was based on a finding of facts contrary to legal evidence of substantial weight. We answer both in the negative and accordingly reverse the order of the circuit court.
It should be noted that this appeal follows a de novo hearing before the APSC. Although it is apparent from the record that both sides considered the May 3, 1979 hearing as a <Je novo hearing, it is equally clear that the parties were in disagreement as to the burden placed on all of them at a-de novo hearing. Appellee urges that the APSC misconstrued the meaning of a de novo hearing. A de novo hearing is one which is tried anew, afresh, or over again. Slaughter v. Martin, 9 Ala.App. 285, 63 So. 689 (1913); Black’s Law Dictionary 483 (rev. 4th ed. 1968). A de novo hearing is not one at which the evidence taken at a prior hearing is continued or incorporated, but is one at which the entire evidence to be presented is heard anew or afresh. The APSC by considering only the evidence *123 presented at the May 3, 1979 hearing, and by giving no consideration to the evidence presented at the prior hearing, properly treated this as a de novo hearing..
Although Vestavia, as an intervenor, requested the de novo hearing, nevertheless B & B was the party seeking to expand its authority, and as the applicant, B & B had the burden of proof at the de novo hearing to establish that public convenience and necessity required its services. Service Express, Inc. v. Baggett Transportation Co., 281 Ala. 666, 207 So.2d 418 (1968).
Because this appeal follows a de novo hearing, our scope of review is limited solely to a review of the record at that de novo hearing.
Certificates of public convenience and necessity are granted by the APSC pursuant to Code of 1975, § 37-3-11, which in its relevant part reads: The requirement of showing public necessity, however, means not that the service must be absolutely indispensable, but merely that the service must be reasonably necessary for the public good. Vann Express, Inc. v. Bee Line Express, Inc., Ala., 347 So.2d 1353 (1977).
[A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied . ..
(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
(3) The advantages to the public of the proposed service.
At the second hearing before the APSC, the evidence presented by B & B dealt primarily with its operation under the prior application granted at the earlier hearing of this case. B & B showed that the number of passengers who rode its buses in the Hoover area was increasing. Willie Tom Sherod, the president of B & B, testified that on an average day B & B’s bus transported approximately one to five passengers on each of the two scheduled routes in Hoover. Samuel Freeman, president of Vestavia, testified that approximately thirty-five passengers per day ride Vestavia’s bus from Hoover to Birmingham. Vestavia has four daily schedules. Based on the low number of passengers B & B had attracted and on the fact that Vestavia makes four trips daily from Hoover to Birmingham, we cannot find that B & B clearly established that Vestavia’s service was inadequate to meet the reasonable public needs.
B & B presented testimony that its operation would be “crippled” if its Hoover service was halted. Henry Windham, a driver for B & B, testified, however, that while B & B’s bus collected from its passengers at the most $27.00 per round trip from Birmingham fo Alabaster, the cost of its operation on that route, including gasoline, oil, insurance, tires, maintenance and depreciation was approximately $30.95 plus the driver’s wages. Thus, there was at least some doubt as to the financial feasibility of the APSC continuing B & B’s service along this route.
B & B did show that the customers who rode B & B’s bus paid at least $1.00 per trip rather than Vestavia’s 60$ charge and that the service provided by B & B was considerably faster. Such evidence tended to show that the faster service to those members of the public who elected to pay the increased fee was more convenient. *124 This, evidence does not by itself, however, establish that the additional bus service was required by public convenience and necessity.
Following the second hearing the examiner made the following report:
This case is now in an unfortunate posture. A de novo hearing was set as to service on U.S. 31 in downtown Hoover, without the applicant taking exception to that decision. The Applicant’s proof of public convenience and necessity of that hearing did not include any testimony of public witnesses, but consisted solely of testimony concerning operations under the order that is being reconsidered. The Applicant also attempted to show adequate notice, but that issue has been decided adversely to the Applicant in the Examiner’s Report of February 28, 1979, which became the order of the Commission after no exceptions were filed. The evidence of the Applicant’s past operations cannot, by itself, establish that the service is required by the public convenience and necessity because it would indirectly permit it to obtain authority through the improperly noticed hearing and, in effect, subvert Vestavia Transit’s right to a hearing. . . .
B & B urges that this report reflects a misconception of the law where it states that past operations alone cannot establish that the service is required by public convenience and necessity. In Barrett Mobile Home Transport, Inc. v. United States, 381 F.Supp. 1317 (D.Minn.1973), the court quoted the following from Frank Wehe Common Carrier Application, 112 M.C.C. 315 (1970):
Although operations under temporary authority raise no presumption of a need for corresponding permanent operators and are alone insufficient to justify a grant of authority . . . nevertheless, evidence of past operations under temporary authority is of probative value to support an application for permanent authority where it is used to determine the ability of a carrier to provide the service, where it indicates the volume of traffic involved and the effect of a grant of authority on existing carriers, and where there is other evidence supporting the application.
The theory propounded in that case is applicable to the situation before us. Clearly the evidence of the prior operations of B & B was admissible to show public convenience and necessity; however, such evidence by itself is insufficient to justify a grant of the authority. This is especially true where, as here, the prior authority was granted pursuant to an improperly noticed hearing. Thus, we hold the examiner’s finding to be a correct statement of the law.
Vestavia urges that because B & B did not produce any public witnesses to testify in support of the application that B & B could not possibly establish public convenience or necessity. While we do not believe that it is an absolute requirement that individual members of the public testify as to public convenience and necessity, there must be some sort of showing that such service is required by the present or future public convenience and necessity. The mere showing that a few people chose to ride B & B’s bus, as opposed to Vestavia’s lower priced bus, is not sufficient to establish public convenience and necessity, especially in light of the lack of economic feasibility of having such service available. Thus we do not find that the APSC erred in its application of the law to the facts found or that its order was based on a finding of facts contrary to legal evidence of substantial weight. For this reason the order of the circuit court must be reversed.
In view of our holding we have concluded that the appellee’s supplemental brief was not prejudicial to the rights of the appellants.
The order of the circuit court must be, and is, reversed, and this cause is remanded to that court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, FAULKNER, ALMON and ADAMS, JJ., concur.
*125 JONES, J., concurs in the result.
SHORES, J., dissents without opinion.
EMBRY, J., not sitting.