SHORES, Justice.
. This is an appeal from a decree reversing an order of the Alabama Public Service Commission. The commission’s order granted a request to transfer to Worcy Crawford, d/b/a Crawford and Sons Bus Service (Crawford), Certificate of Public Convenience and Necessity No. 2570 from Charles Atwood Anthony, d/b/a Anthony Bus Lines (Anthony).
By application filed with the APSC, Crawford sought authority from the commission to transfer Motor Carrier Certificate of Public Convenience and Necessity No. 2570 from Anthony to himself. The commission notified all interested parties and protests were filed by Appellee B & B Transportation and Limousine Service, Inc., Excursions Unlimited, Inc., and Greyhound Lines, Inc.
The application was heard before a hearing examiner. B & B was represented by counsel at the hearing, as were Excursions Unlimited and Greyhound. Sworn testimony was taken of four witnesses called by Crawford, including Crawford himself. Protestants introduced no independent testimony other than cross-examination of applicant’s witnesses.
After hearing the evidence, the examiner recommended to the commission that Certificate No. 2570 be transferred to Crawford for a limited term of one year and then permanently, pending petition by Crawford and upon showing by him that all opera *171 tions “are in full compliance with the laws of Alabama and the requirements, rules and regulations” of the commission.
After consideration of the record, the examiner’s report and recommended order, and the exceptions filed, the APSC adopted the examiner’s report and recommended order in full.
B & B appealed to the circuit court of Jefferson County pursuant to Ala.Code 1975, § 37-3-29. The circuit court reversed the order of the APSC in its entirety and denied transfer of the application.
Crawford and the APSC then appealed. We reverse.
As we have held on numerous occasions, our review is treated as though the appeal had come directly from the order of the Alabama Public Service Commission to this Court, and no presumption of correctness is accorded to the decision of the circuit court. The evidence was not taken before the trial judge in the circuit court. That court, then, is in no better position to review the order than the Supreme Court. Alabama Public Service Commission v. B & B Transportation and Limousine Service, Inc., 397 So.2d 120 (Ala.1981); Alabama Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111 (Ala.1979); Eagle Motor Lines, Inc., v. Alabama Public Service Commission, 343 So.2d 767 (Ala.1977).
In reviewing the APCS in this manner, its order is taken as prima facie just and reasonable and can be set aside by the circuit court or by this Court only if: “(1) The commission erred to the prejudice of appellant’s substantial rights in its application of the law; and (2) [t]he order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence.” Ala.Code 1975, § 37-1-124.
B & B contends that the decision of the commission was arbitrary and against the substantial weight of the evidence and contrary to the law. It bases this contention on the propositions that the certificate is dormant and may not be transferred and that the transferee Crawford is not qualified to conduct operations under the certificate.
Section 37-3-17, Ala.Code 1975, provides the standard that applications for transfer of certificates must satisfy:
“[A]ny certificate or permit may be transferred or leased pursuant to such rules and regulations as the commission may prescribe; provided, that no such certificate or permit shall be transferred, or lease of any such certificate or permit approved, except after a finding by the commission that the proposed transferee or lessee is in all respects qualified under the provisions of this chapter to conduct the service or operation contemplated by such certificate or permit and that the proposed transfer or the approval of said lease is consistent with the public interest.”
B & B contends that the requirements of this section were not satisfied. The circuit court agreed, holding:
“Due to the finding of the hearing examiner and the adoption of the hearing examiner’s findings by the APSC as to the qualifications of Crawford, the Court is of the opinion that the order is contrary to the substantial weight of the evidence.”
The circuit court further held that because Crawford intended to operate a charter service in competition with B & B’s charter service, the error of the APSC in applying the law would be to the prejudice of B & B’s substantial rights. With these contentions we cannot agree.
We agree with the circuit court in its statement of the law that it is the policy of the APSC not to transfer dormant certificates unless good cause is shown. Alabama Public Service Commission v. Chem-Haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975); Floyd and Beasley Transfer Co., Inc. v. Alabama Public Service Commission, 276 Ala. 130, 159 So.2d 833 (1964). We need not address the question of whether the certificate was dormant; in either event, we agree with the hearing examiner that good cause was shown for the transfer. *172 That good cause exists in the needs of the public for service where no other service now exists.
The need for bus service in the area covered by certificate No. 2570 was demonstrated in testimony before the hearing examiner. B & B offered no evidence that it, or any other line, was presently serving this area, or that no service was needed in the area. From the evidence we cannot say that the hearing examiner and the APSC erred in finding good cause for the transfer of the certificate.
Likewise, in determining Crawford’s qualifications to operate under the certificate, we disagree with appellee’s contention that the finding of the hearing examiner is contrary to the substantial weight of the evidence. An examination of the record indicates that Crawford has the experience, equipment, and financial resources to conduct operations under the certificate.
As B & B points out, the hearing examiner questioned Mr. Crawford’s willingness to abide by the commission’s rules and regulations in light of his numerous past citations. The hearing examiner, however, listened to the oral testimony, observed the demeanor of the witnesses, including Mr. Crawford, and after determining that the transfer was in the public interest, concluded that a limited-term grant of the transfer of the certificate to Mr. Crawford would resolve any questions as to the transferee’s willingness to conduct operations in accordance with the law and the rules and regulations of the commission. It cannot be said that the record is inadequate to support the conclusion.
Implicit in the phrase “consistent with the public interest” is the consideration of the interests of protesting and other competing carriers. Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782 (Ala.1980), and cases cited therein. The trial court, in considering the interests of B & B, determined that
“[s]ince the charter service to be run by Crawford would be in competition with the Appellant’s charter service, the error of the APSC in its application of the law would be to the prejudice of the Appellant’s substantial rights.”
We find no evidence in the record to support this conclusion. B & B offered no evidence other than the cross-examination of Crawford’s witnesses. An examination of the record fails to disclose any evidence of potential financial harm to B & B that would occur as a result of the transfer.
The report of the hearing examiner as adopted by the APSC found good cause consistent with the public interest for the transfer of Certificate No. 2570 from Anthony to Crawford. The order of the APSC is based on a finding of facts supported by substantial legal evidence. The case is, therefore, remanded with instructions to enter an order affirming the order of the Alabama Public Service Commission.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, JONES and BEATTY, JJ., concur.