SHORES, Justice.
Neely Truck Line, Inc., appeals from a judgment of the Circuit Court of Montgomery County affirming an order of the Alabama Public Service Commission (“APSC”). APSC issued a motor carrier certificate of *150 public convenience and necessity to Evergreen Transportation, Inc. (“Evergreen”), and Wiley Sanders Truck Lines, Inc. (“Sanders”), to transport paper and paper products between all points in Alabama. We affirm.
On April 27, 1990, Evergreen and Sanders filed a joint application with the APSC that sought motor common carrier authority to transport paper and paper products between all points in the State of Alabama. The applicants were opposed only by Neely Truck Line, Inc. (“Neely”). The hearing was held on June 6, 8, and 28, 1990, before the APSC’s administrative law judge (“AU”). The AU issued a “Report and Recommended Order” (“RRO”), dated September 17, 1990. The RRO summarized all of the evidence and recommended granting the authority between all points in Alabama. Neely, Evergreen, and Sanders filed exceptions to the RRO, and on December 31, 1990, the APSC issued its “Joint Report and Order,” which amended Evergreen and Sanders’s motor carrier certificate to authorize:
“In addition to the operations heretofore authorized, operations to a common carrier by motor vehicle, in intrastate commerce over irregular routes, in the transportation of: Paper and paper products, except commodities in bulk, from, to, and between, all points in the State of Alabama.”
The APSC found that the AU accurately summarized the evidence presented, but erred in his conclusions and recommendations, and, therefore, that it was necessary to amend the order. On January 10, 1991, Neely appealed the decision of the APSC by filing a notice of appeal with the Circuit Court of Montgomery County, Alabama. The Circuit Court affirmed the order of the APSC and, on November 5, 1991, Neely filed a timely notice of appeal with this Court.
The rule of review on an appeal from an order of the circuit court upholding an APSC order is one in which a presumption of correctness is to be accorded to the order of the APSC. Alabama Power Co. v. Alabama Public Service Commission, 278 Ala. 597, 179 So.2d 725 (1965) (construing Tit. 48, § 82, Code of Alabama of 1940). Section 37-1-124, Code of Alabama 1975, serves as the guide by which the circuit court, as well as this Court, reviews orders of the APSC; it provides in pertinent part:
“The commission’s order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title, and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: (1) the commission erred to the prejudice of appellant’s substantial rights in its application of the law; or (2) the order, decision or award was procured by fraud or is based on a finding of facts contrary to the substantial weight of the evidence.”
See, e.g., Alabama Public Service Commission v. Chem-Haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975); Alabama Public Service Commission v. Consolidated Transportation Co., 286 Ala. 323, 239 So.2d 753 (1970); Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401 (1951).
We have continually held that the APSC is a body of experts and that a court must be careful in reviewing the conclusions of fact of an important administrative body, in order to guard against a substitution of the court’s own judgment of the findings of fact for that of the administrative authority. Floyd & Beasley Transfer Co. v. Alabama Public Service Commission, 276 Ala. 130, 159 So.2d 833 (1963); Alabama Power Co. v. Alabama Public Service Commission, 278 Ala. 597, 179 So.2d 725 (1965); Hiller Truck Lines, Inc. v. Alabama Public Service Commission, 292 Ala. 161, 290 So.2d 649 (1974).
In this case, there was no reversal of the AU’s factual findings. The APSC did not dispute or disagree with the eviden-tiary findings of the AU, but adopted those findings stating that the RRO “accu *151 rately summarizes the factual evidence presented in all material respects and we adopt his summary of the evidence as if fully set out herein.” The decision of the APSC to expand the recommended grant of authority statewide relates to the ALJ’s legal conclusions applying the law to the facts and not to the factual findings. The APSC adopted the ALJ’s findings of fact and then exercised its statutory authority to disagree with his legal conclusions. Therefore, the burden is on Neely to overcome the presumption of correctness of the APSC’s Order.
The standard this Court must apply in ascertaining whether the APSC order is supported by substantial evidence is set forth in Code 1975, § 37-3-11, which provides as follows:
“(a) ... [A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied....
“(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
“(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
“(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
“(3) The advantages to the public of the proposed service.”
The ALT noted service failures by Neely, and held that supporting shippers demonstrated problems with Neely’s service record. The AU stated: “In addition, the protestant [Neely] has not shown that it provides three advantages proposed by these two applicants, a modern computer system that will interface with the shippers’ computers, a systematic trailer cleaning program and service to all points in Alabama.” After reviewing the record, the APSC concluded that the “applicants [Evergreen and Sanders] offer advantages to shippers and that these advantages outweigh the possible loss to protestants [Neely] and are amply supported by the record.”
Utilizing the above statutory standard, and having carefully reviewed the voluminous record, we must conclude that the order of the APSC is supported by credible, competent, and substantial evidence that supports the factual findings of the AU and the legal conclusions of the APSC. We therefore affirm the judgment of the circuit court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.