HOUSTON, Justice
(concurring in the result).
On appeal, the circuit court and this Court must take the order of the Alabama Public Service Commission (“APSC”) “as prima facie just and reasonable.” Ala.Code 1975, § 37-1-124. Our review of a trial court’s judgment setting aside an order of the APSC is without any presumption as to the correctness of the trial court’s judgment. Alabama Public Service Commission v. M.D. Weeks Trucking Co., 547 So.2d 531, 532 (Ala.1989); Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782, 785 (Ala.1980). We have cautioned:
“We have continually held that the APSC is a body of experts and that a court must be careful in reviewing the conclusions of fact of an important administrative body, in order to guard against a substitution of the court’s own judgment of the findings of fact for that of the administrative authority.”
Neely Truck Line, Inc. v. Evergreen Transportation, Inc., 607 So.2d 149,150 (Ala.1992).
In my opinion, the trial court did not address the issue addressed by the APSC. Was Gas Utilities of Alabama, Inc. (“GUA”), a “transportation company” for hire, under the definition in Ala.Code 1975, § 37-2-1? The APSC received briefs and held an evi-dentiary hearing on this issue and made the following findings:
“Therefore, based on the facts of this case and upon the evidence before it, the Commission finds as a matter of fact that GUA’s primary business purpose is the transportation of natural gas to Lawter, notwithstanding the fact that the transaction with Lawter is technically structured as a sale. The Commission, therefore, finds that GUA’s activities fit the definition of a transportation company under Alabama Code, Section 37-2-1 and are, there *754 fore, subject to the jurisdiction of and regulation by the Commission.”
Under the facts, the law, and our standard of review, I am persuaded that the trial court erred. I concur to reverse the judgment of the trial court and to render a judgment sustaining the order of the APSC.
MADDOX, J., concurs.